1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

UNITED STATES OF AMERICA,

9

Plaintiff,

10

v.

11

LESTER DANE BLANTON, II,

12

Defendant.

CASE NO. CR11-18 RSM

ORDER RESCINDING PRIOR ORDER
AND DENYING MOTION

13

14      This matter is before the Court sua sponte following a prior order of this Court granting

15  Defendant's pro se motion to appoint counsel.  Dkt. #46.  Finding that order improvidently

16  issued, the Court rescinds the order and denies Defendant's motion.

17      On November 6, 2020, the Court received Defendant's pro se motion requesting that he

18  be appointed counsel because he "believe[d] under Johnson v. U.S. that [his] sentence quallifies

19  [sic] for relief as my case involves a 924c." Dkt. #45.  On November 10, 2020, this Court issued

20  an order simply granting Defendant's motion: "Defendant's pro se motion to appoint counsel

21  filed November 9, [sic] 2020 (Dkt #45), is GRANTED."  Dkt. #46.  A copy of that order was

22  mailed to Defendant's address but was returned undeliverable.[1]  Dkt. #47.

23

24  [1] It appears that Defendant may have been moved to USP Florence.  *See* FEDERAL BUREAU OF
PRISONS, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Jan. 14, 2021).

ORDER – 1

The Court's prior order was issued improvidently.  Defendant's motion was not one of the many seeking compassionate release on account of the existing COVID-19 pandemic.  On further review, Defendant's motion appears to refer to *Johnson v. United States*.  576 U.S. 591 (2015).  But that case, which found the residual clause of the Armed Career Criminal Act unconstitutionally vague, does not appear to be implicated by Defendant's case.  More importantly, the *Johnson* decision was issued on June 26, 2015 and Defendant's motion is therefore barred by the applicable statute of limitations, which expired on June 26, 2016.  *See* 28 U.S.C. § 2255(f)(3) (specifying that one year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").[2]

Defendant's motion was granted improvidently.  Upon further review, Defendant's motion does not raise meritorious issues that warrant the appointment of counsel.  Accordingly, the Court finds and ORDERS:

1. The Court RESCINDS its November 10, 2020 Order (Dkt. #46) as improvidently issued.

2. Defendant's Motion for the Appointment of Counsel (Dkt. #45) is DENIED.

3. A copy of this Order shall be provided to the CJA Coordinator.

Dated this 14th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Even if the statute of limitations ran from the date that the Supreme Court determined that *Johnson* was retroactively applicable, the period would have run by April 18, 2017.  *See Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016) (decided on April 18, 2016).