UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LESTER D. BLANTON,<br><br>Defendant. | CASE NO. CR11-18RSM<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A) |

This matter comes before the Court on Defendant Lester Blanton's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. #58. The Court has determined that an evidentiary hearing is unnecessary.

Defendant Blanton plead guilty to two of the four counts in the original Indictment: Possession with Intent to Distribute Methamphetamine, and Carrying a Firearm During and in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. # 37. In the Plea Agreement, Blanton admitted to possessing almost 400 grams of "actual" methamphetamine together with a firearm "during and in relation to the drug crime..." *Id*. at 5. On December 9, 2011, Mr. Blanton was sentenced to a custodial term of 180 months. Dkt. #43. His projected release date is apparently March 17, 2025. Dkt. #58. Mr. Blanton did not appeal his sentence. He has filed a number of unsuccessful post-sentencing Motions.

The instant Motion argues there are extraordinary and compelling reasons for release. Specifically, he argues that "the U.S. Supreme Court has found 18 U.S.C. 924(c) invalid and

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE – 1

unconstitutional causing movant to be illegally held on Count Two…" *Id*. at 5.  Mr. Blanton copies from some other brief a citation to *United States v. Davis*, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019) finding that § 924(c)(3)(B)'s residual clause was unconstitutionally vague, as well as several other cases.  *Id*. at 8.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE – 2

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Court finds that Mr. Blanton has exhausted his administrative remedies, and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief.

The Government argues in its response that Mr. Blanton's citation to *Davis* above is irrelevant because he was not charged with a crime in violation of section 924(c)(3)(B) but with a different crime—carrying a firearm during and in relation to a drug trafficking crime in violation of Section 924(c)(1)(A)(i). The Government states "[t]here is nothing vague about the predicate offense Blanton's 924(c) charge was tied to." Dkt. #66 at 5. The Government also argues that the other cases cited by Mr. Blanton are not on point because they involve crimes different than the ones he pled guilty to in this case. *Id*. ("For example, *United States v. Taylor*, __ U.S. ___, 142 S.Ct. 2015 (2022) holds that *attempted* Hobbs Act robbery does not qualify as a predicate offense for Section 924(c)(3)(A), relying on the holding in *Davis*. Two points about *Taylor* quickly show that Blanton's argument is frivolous. First, Blanton plead guilty to a different subsection of 924(c), so nothing in *Taylor* calls his conviction into question. Second, *Taylor* makes it clear that carrying or possessing a firearm in connection with an *actual* as opposed to an *attempted* Hobbs Act robbery is constitutional – which shows that nothing in *Davis* called 924(c)'s constitutionality into question more generally."). The Government also argues that Mr. Blanton should have made these arguments in a 28 U.S.C. §2255 motion, and that in any event he should have made this Motion within a reasonable time period after *Davis* was decided. The Government walks through the section 3553(a) factors. *Id*. at 6–7.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE – 3

The Court agrees with the Government's analysis. Mr. Blanton has failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction because he has failed to point to some applicable change in the law that could affect his sentence. The Court has considered the 3353(a) factors, as it did at Mr. Blanton's sentencing, and finds that the relief requested in this Motion is not warranted given the seriousness of the offense and the need to protect the community. Having reviewed the applicable briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Blanton's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. #58, is DENIED. Mr. Blanton's parallel Motions for Appointment of Counsel and to Expedite Proceedings, Dkts. #59 and #60, are DENIED as MOOT.

DATED this 7th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE